**THERESA A. GOLDNER, COUNTY COUNSEL**
**By: Kathleen Rivera, Deputy (SBN 211606)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants County of Kern,**
**and Carlos Sillas**

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BONNIE LEE,** | ) **Case No.: 1:15-CV-00068 JAM JLT** |
| **Plaintiff,** | ) **STIPULATED PROTECTIVE ORDER FOR** |
| **v.** | ) **DISCOVERY MATTERS** |
| **COUNTY OF KERN, a public entity;** | ) |
| **KERN COUNTY PROBATION** | ) |
| **DEPARTMENT, a public entity; and** | ) |
| **PROBATION OFFICER CARLOS** | ) |
| **SILLAS, individually and in his official** | ) |
| **capacity,** | ) |
| **Defendants.** | ) |

COME NOW, Plaintiff and all Defendants (hereinafter the "Parties") to this matter, and agree and stipulate to a Protective Order, as follows:

1.    WHEREAS it is anticipated that Plaintiff will request portions of the private personnel records of members of the Kern County Probation Department which qualify as peace officer records under California Penal Code §§ 832.7 and 832.8, and Kern County Probation will be requested to produce the records in discovery;

2.    WHEREAS the parties agree that discovery of the private personnel records of law enforcement members of the Kern County Probation Department may

1

be relevant to this action;

3.     WHEREAS Defendants are concerned that turning over the Kern County Probation Department private personnel records without a protective order could result in the violation of the privacy rights of Kern County Probation Officers including but not limited to those who are parties to this litigation;

4.     WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, Kern County Probation Department's duty as steward of the records, and the privacy rights of the Kern County Probation Department officers including but not limited to those who are parties to this litigation;

**SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:**

5.     In connection with discovery proceedings in this action, the parties designate the Kern County Probation Department personnel records regarding their officers including, but not limited to, those who are parties to this litigation, as CONFIDENTIAL.

6.     By designating the above matters as CONFIDENTIAL, the Parties certify to the Court that there is a good faith basis both in law and in fact for the designations within the meaning of Federal Rule of Civil Procedure 26(c).

7.     Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

Stipulated Protective Order

8.     CONFIDENTIAL material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a)     a named party, to which only CONFIDENTIAL material specifically related to the named party shall be disclosed;

(b)     experts and/or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

(c)     court reporter(s) employed in this action;

(d)     a witness at any deposition or other proceeding in this action; and

(e)     any other person as to whom the parties in writing agree.

9.     CONFIDENTIAL material shall not be provided to the news media directly or indirectly in any form or manner.

10.     For purposes of Defendants' initial responses to Plaintiffs' production request, the parties agree that Defendants may exclude [redact] from the production the names, addresses, telephone numbers and other personal contact information of any non-party peace officer, provided that the identified peace officer is not a first person witness, report writer and/or an investigator of Plaintiffs' complaints.

11.     In the event of a disputed factual issue as to the preceding paragraph, and Plaintiff deems it necessary to discover the identities and personal contact information of a non-party peace officer's information, excluded under the preceding paragraph, Plaintiff's counsel will notify Defendants' counsels of their intent in writing to seek such personal information.  If after five (5) days the parties are unable to reach an agreement on production of the non-party peace officer's information, then

Plaintiffs may make an application to the Court for an order to resolve the dispute.

12.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of the discovery process in this action, whether or not such material is also obtained through discovery in this action.

13.     If a party wishes to file documents with the Court, which contain material designated as confidential, the party shall comply with Local Rules 140 and 141.

14.     This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

15.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order, or in the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become

1  known to the public, and the Court shall retain jurisdiction to resolve any dispute
2  concerning the use of information disclosed hereunder;

3       17.    Upon termination of this case, counsel for each Party shall assemble
4  and return to opposing counsel all documents, material and deposition transcripts
5  designated as confidential and all copies of same, or shall certify the destruction
6  thereof.

7       18.    Any person, or persons, violating this order shall be subject to
8  sanctions and all attorney's fees and costs associated with any related motion.

9

10

11  Dated:  January ___, 2016          RYTHER LAW GROUP
12

13                                     By:    _____
14                                            Jill Ryther, Esq.
                                              Attorney for Plaintiff
15

16

17  Dated:  January 19, 2016           THERESA A. GOLDNER, COUNTY COUNSEL
18

19                                     By:    _____
20                                            Kathleen Rivera, Esq.
                                              Attorneys for Defendants
21

22

23

24

25

26

27

28

1

## <u>ORDER</u>

2

3
        The parties having stipulated thereto and good cause appearing therefor, IT IS

4
THEREFORE ORDERED.

5

6
Dated: 1/21/2016                    /s/ John A. Mendez_____

7
                                   JOHN A. MENDEZ,
                                   UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulated Protective Order